NEWSPAPER — PRINTING OUTSIDE COUNTY — QUALIFICATION TO PUBLISH LEGAL NOTICES A newspaper, otherwise qualified, may print outside its county for not more than 14 days on account of fire, accident, etc., or by reason of legal proceedings against the type, etc., without losing weeks already accumulated toward the 104 consecutive weeks initially required to become qualified to publish legal notices under 25 O.S. 106 [25-106] (1969). The word "qualified" in the last proviso of Section 106 means that only newspapers, otherwise qualified, which have previously published for 104 consecutive weeks become eligible to print outside the county for not to exceed 14 consecutive days during a calendar year for additional reasons without interrupting the 104 consecutive weeks publication requirement. The Attorney General has had under consideration your letter of September 4, 1970, wherein you state and ask: "The newspaper in question has not yet met the requirement of having been published for 104 consecutive weeks. May such a newspaper print outside the county for not more than 14 consecutive days without losing weeks already accumulated toward the 104 weeks necessary to qualify it for publishing legal notices? I refer you especially to the word 'qualified' in the last proviso of 25 O.S. 106 [25-106] (1969), 106 . Does the inclusion of word 'qualified' mean that only a newspaper which has been printed for 104 consecutive weeks prior to publication of legal notices may print outside the County for not more than 14 days without interrupting the consecutive publication required by the Act?" Title 25 O.S. 106 [25-106] (1969), provides in part: "No legal notice, advertisement or publication of any kind required or provided by any of the laws of the State of Oklahoma to be published in a newspaper shall have any force or effect as such unless the same be published in a newspaper of the county which, during a period of one hundred four (104) consecutive weeks immediately prior to the first publication of such notice, advertisement or publication: "(a) has maintained a paid general subscription circulation in such county, "(b) has been admitted to the United States mails as second class mail matter, "(c) has been printed in the county where delivered to the United States mails; except that publication in a newspaper otherwise meeting the requirements of this act which is printed within the corporate limits of a city or town located in two counties and is delivered to the United States mails in such city or town but not in the county where printed, shall be valid in the county where such newspaper is printed, and "(d) has been continuously and uninterruptedly published in such county. ". . . provided further, that failure to issue or publish such newspaper for a period of fourteen (14) days on account of, due to, or arising from fire, accident, or other unforeseen cause, or by reason of the pendency of mortgage foreclosure, attachment, execution, or other legal proceedings against the type, presses, or other personal property used by such newspaper, shall not be deemed a failure to maintain continuous and consecutive publication as required by this act, nor invalidate the publication of a notice otherwise valid; provided further, that failure to issue or publish a newspaper qualified to publish legal notices, advertisements or publications as heretofore provided, for a period totaling not more than fourteen (14) consecutive days during a calendar year or printing such newspaper outside the county where delivered to the United States mails for a period totaling not more than fourteen (14) consecutive days during a calendar year, shall not be deemed a failure to maintain continuous and consecutive publication as required by this act, nor invalidate the publication of notice otherwise valid." (Emphasis added) In Carter Oil Co. v. Scott, 12 F.2d 780 (10th Cir. 1926), the Court stated in the body of its opinion that: "It is a rule of construction well settled by authorities that words and phrases employed in a statute will be given their plain ordinary meaning according to the import of language used." The word "qualified" means having complied with specific requirements or precedent conditions. See Knapp v. Post Printing Publishing Co., 111 Colo. 492,144 P.2d 981 (1943). We feel that the language in the first proviso quoted from Section 106, supra, provides exemptions from the initial consecutive publication requirements for newspapers attempting to become qualified to publish legal notices. We feel that the word "qualified" in the second proviso quoted from Section 106, supra, limits the additional exemptions which follow its use to those newspapers which have already met the consecutive publication requirements of Section 106. While we notice that the first proviso speaks of publishing and not of printing, we feel that in the newspaper business printing is a prerequisite to publishing, and therefore the first proviso applies to the printing requirements as well as the publishing requirements. See Cox v. First Mortgage Loan Co, 173 Okl. 392, 48 P.2d 1060 (1935); and Taylor v. Langley, 188 Okl. 646, 112 P.2d 411 (1941). Therefore, it is the opinion of the Attorney General that a newspaper, otherwise qualified, may print outside its county for not more than fourteen (14) days on account of, due to, or arising from fire, accident, or other unforeseen cause, or by reason of the pendency of mortgage foreclosure, attachment, execution or other legal proceedings against the type, presses, or other personal property used by such newspaper, without losing weeks already accumulated toward the 104 consecutive weeks initially required to become qualified to publish legal notices under 25 O.S. 106 [25-106] (1969). Further, the word "qualified" in the last proviso of 25 O.S. 106 [25-106] (1969), means that only newspapers, otherwise qualified, which have previously published for 104 consecutive weeks become eligible to print outside the county for not to exceed fourteen (14) consecutive days during a calendar year for additional reasons to those previously mentioned in this answer without interrupting the 104 consecutive weeks publication requirement. (WILLIAM M. BONNELL)